UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**REBECCA D. SHOCKLEY**
a/k/a Rebecca D. Watts,

      Plaintiff,

   vs.                                    No. 06cv0573  JP/LCS

**SW OLDCASTLE INC. d/b/a Four Corners**
**Materials, Inc., BILL JOHNSON, Individually,**
**JONATHAN BEGAY, Individually, RAY TAULLI,**
**Individually, RODNEY PACE, Individually,**
**BILL KLINE, Individually, JOHN DOE,**
**Individually, and JANE DOE, Individually,**

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* to determine whether dismissal would be appropriate under the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Having considered the record and the applicable law, I find as follows:

### Proposed Findings Regarding *Ehrenhaus* Factors

1.    Plaintiff filed her complaint *pro se* alleging employment discrimination on June 28, 2006.

2.    Several Defendants moved to dismiss on August 3, 2006 (Doc. 2), and one Defendants answered on August 3, 2006. (Doc. 4.) The Court entered an Initial Scheduling Order on August 7, 2006. (Doc. 6.) Under the Order, Plaintiff and counsel for Defendants were to appear in person before the Magistrate Judge in Santa Fe, which was selected for the convenience of the Plaintiff. (*Id.* at 2.)

3.    Counsel for Mr. Pace telephoned the Court on September 15, 2006 to advise me

that the parties' Initial Pre-Trial Report ("IPTR") was incomplete. Counsel said that she sent the materials to the address Plaintiff provided, but there was no response. (*See* Doc. 13 at 1-2.) Counsel also tried to reach Plaintiff by calling the telephone number Plaintiff had listed with the Court, but the number had been disconnected. (*See id.* at 2.) Counsel later sent a second letter to Plaintiff, again receiving no response. (*See id.*)

4. Counsel submitted the IPTR and Provisional Discovery Plan to the Court and sent copies to Plaintiff.

5. Plaintiff did not appear at the Rule 16 Scheduling Conference. (Doc. 11.) Plaintiff has also failed to file any response to the motion to dismiss filed on August 3, 2006. (Doc. 2.)

6. I entered an Order to Show Cause ("OSC") on September 21, 2006 pursuant to FEDERAL RULE OF CIVIL PROCEDURE 16(f). (Doc. 12.) I directed Plaintiff to file a brief with the Court no later than October 23, 2006, establishing why the Court should not dismiss her cause of action. (Doc. 12 at 2.) I advised Plaintiff that compliance was necessary to avoid an assessment of sanctions and dismissal without prejudice of her action with respect to Defendants. (*Id.*)

7. To date, Plaintiff has not filed any response to the Court's order.

8. According to *Ehrenhaus*, the Court should consider and address all of the following factors on the record before choosing the sanction of dismissal: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; [] (3) the culpability of the litigant[;] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance[;] and 5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).[1]

---

[1] The dismissal in *Ehrenhaus* was a discovery sanction pursuant to FED. R. CIV. P. 37(b)(2)(C). *Ehrenhaus*, 965 F.2d at 918. In this case, while I recommend dismissal as an appropriate sanction under FED. R. CIV. P. 16(f), it is still proper to make findings using the *Ehrenhaus* factors. *See, e.g.*, *In re Hopkins*, 1998 WL

9.	I note initially that while a *pro se* litigant is entitled to liberal construction of her pleadings, she must nonetheless "follow the same rules of procedure that govern other litigants." *See Okla. Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (internal quotation marks and citation omitted).  When imposing sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *See Ehrenhaus*, 965 F.2d at 920 n.3 (citation omitted).  The chosen sanction must be both just and related to the particular claim at issue.  *Id.* at 920-21 (citation omitted).

10.	I find that Plaintiff's inaction has prejudiced the Defendants and interfered with the judicial process.  *See id.* at 921.  Plaintiff's failure to attend or give notice of her inability to attend the telephonic Rule 16 Scheduling Conference or the in person hearing on the OSC wasted the Court's and defense counsel's time.  Defendants have had to pay attorney fees for work that remains fruitless because of Plaintiff's indifference to her case.  Further, Plaintiff's failure to comply with court directives impedes the orderly administration of justice.  *See id.*

11.	As to Plaintiff's culpability, I find Plaintiff has exhibited a manifest disinterest in litigating her case.  After filing her complaint, Plaintiff has had the opportunity to list her contentions on the IPTR, to speak with me and opposing counsel at the Rule 16 Scheduling Conference, to explain her inaction in a brief, and to give notice to the Court or to Defendants that she would be unable to comply with the rules of this Court.  She has chosen not to do any of these things.  Ignorance should not excuse consistent inaction.

---

704710, at *2 (10th Cir. Oct. 5, 1998) (discussing the *Ehrenhaus* factors in an appeal from a district court's dismissal for failure to prosecute and citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

12.     I have given Plaintiff notice of the possibility that her case would be dismissed without prejudice if she failed to comply with Court orders.  (*See* Doc. 12 at 2.)  In light of Plaintiff's disregard of court orders, rules of civil procedure, and local rules of this Court, I find that lesser sanctions would not be effective, but do not recommend imposing the much harsher sanction of dismissal with prejudice.  *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

## Recommended Disposition

I recommend that the District Judge dismiss Plaintiff's complaint without prejudice, leaving her free to find counsel if she is unable to reach an agreement with Defendants outside of court.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**